IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID WADE GIVHAN,

    Petitioner,

v.

PAUL KEMPER,

    Respondent.

Case No. 16-cv-315-pp

**ORDER SCREENING PETITION AND REQUIRING RESPONSE**

## I. INTRODUCTION

On March 15, 2016, David Wade Givhan, representing himself, filed a petition pursuant to 28 U.S.C. §2254, asserting that his state conviction and sentence violated the Constitution. Dkt. No. 1. Because he did not include the filing fee, a motion to proceed without paying the fee, or his consent forms, the clerk's office sent the petitioner a letter requesting those items. On March 28, 2016, he paid the $5.00 filing fee and filed his notice of consent to the magistrate judge. Dkt. No. 2. The court now will screen the petition.

On March 26, 2014, the state charged the petitioner, in Rock County, with seventeen counts: five counts of manufacturing and delivering heroin, five counts of maintaining a drug trafficking place, one count of possession with intent to distribute heroin, one count of possession of a firearm by a felon, one count of possession of narcotic drugs, two counts of possessing THC, and two counts of possessing drug paraphernalia. See State v. Givhan, Case No.

1

2014CF00579, <u>available at</u> https://wcca.wicourts.gov. At trial, the jury found him guilty on all counts.

The court sentenced the petitioner on September 10, 2014. On counts one through five, the court imposed a sentence of six years in prison, followed by six years of extended supervision. For counts six through ten, the court sentenced the defendant to four years in custody followed by two years of extended supervision, to run concurrently with the sentence in counts one through five. (all counts concurrent except count eleven). On count eleven—possession with intent to distribute a controlled substance near a school—the court sentenced the petitioner to serve nine years' imprisonment and five years of extended supervision, to run consecutive to all other counts. For count twelve, the petitioner received a sentence of two years in prison followed by three years of extended supervision. For count thirteen, the court sentenced the petitioner to serve three years of imprisonment and two years of extended supervision. For counts fourteen and fifteen, the court sentenced him to serve one year in prison followed by two years of extended supervision. For counts sixteen and seventeen, the court ordered the petitioner to serve thirty days in the Rock County Jail and to pay $443 in costs. The sentences for counts twelve through seventeen were imposed to run concurrently to the sentences in counts one through ten. The court gave the petitioner 169 days of sentence credit on all counts but count eleven. On September 11, 2014, the court entered the judgment of conviction.

On September 19, 2014, the petitioner filed a notice of intent to pursue post-conviction relief. The notice of appeal followed on November 24, 2014. On December 31, 2014, the petitioner filed two motions for post-conviction relief. That same day, the court of appeals dismissed the appeal as premature, and informed the petitioner that he could re-file his appeal once the court had ruled on his post-conviction motions. The court of appeals issued a similar order on February 6, 2015, and on February 13, 2015, the petitioner filed a third motion for post-conviction relief. He followed that motion with a writ of *habeas corpus* on February 16, 2015.

On February 20, 2015, the Rock County Circuit Court held a hearing, and ruled on the motions for post-conviction relief. On March 6, 2015, the petitioner filed a new notice of appeal. On December 7, 2015, the District IV Court of Appeals affirmed the state court's judgment of conviction. State v. David Wade Givhan, 2015AP000585, available at https://wscca.wicourts.gov. On January 11, 2016, the petitioner sought review from the Wisconsin Supreme Court, which denied his petition on March 9, 2016. Id.

In his petition for federal *habeas* relief, the petitioner raises four claims. Dkt. No. 1 at 6-9. In ground one, he asserts that the prosecution violated his "6th Amend. rights (Confrontation)," when the prosecution did not produce at trial a trash collector involved "in the trash pull investigation." Id. at 6. The petitioner argues that he "did not have a prior opportunity to cross-examine the trash collector." The court interprets this as a claim under the Sixth Amendment's confrontation clause. Id.

3

In ground two, the petitioner states that "[t]he police failed to preserve material evidence from the trash pull," and that this "violated the 14th Amendment Due Process Clause." <u>Id.</u> at 7. According to the petitioner, the "[p]olice conducted a 'trash pull' allegedly from the curbside of the target residence." <u>Id.</u> The officers took the evidence to their department to search the materials, and allegedly discovered contraband inside the petitioner's trash. <u>Id.</u> The petitioner alleges that the officers did not photograph the trash bags and did not catalog the evidence obtained from the trash bags. <u>Id.</u> The court interprets this as a failure to preserve evidence claim arising under the Due Process Clause of the Fourteenth Amendment.

In ground three, the petitioner combines the allegations raised in claims one and two and asserts that the destruction of the material evidence and the failure to produce the trash collector "denied [him] a complete and meaningful opportunity to present a defense guaranteed by the 14th amend. Due Process Clause." <u>Id</u>. at 8.

In ground four, he states that these same occurrences "denied [him] a fundamentally fair trial guaranteed by the 14th amend. Due Process Clause." <u>Id.</u> at 9.

While the petitioner presents his claims in four grounds, a review of those grounds demonstrates that he raises two main issues, both arising out of the same set of facts. He alleges that the state's failure to present the trash collector as a witness violated his Sixth Amendment confrontation clause rights, and that both the failure to produce the trash collector and the state's

4

failure to preserve the evidence that resulted from the trash pull violated his Fourteenth Amendment due process rights.

## II. EXHAUSTION OF REMEDIES

In order to decide whether to allow this case to move forward, the court first must determine whether the petitioner appears, on the face of his petition, to have exhausted his state remedies on these claims. Section 2254 states, "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." The United States Court of Appeals for the Seventh Circuit has held that a district court judge cannot consider the merits of a petitioner's habeas argument "unless the state courts have had a full and fair opportunity to review them." Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991). This means, basically, that before a person can get a federal judge to review his arguments on a *habeas* petition, that person first must appeal the issue all the way up to the highest court in the state for a ruling on the merits. Lieberman v. Thomas, 505 F.3d 665, 669 (7th Cir. 2007) (citations omitted). When a federal judge reviews a petition and realizes that the petitioner has not exhausted his state-court remedies, the judge may either dismiss the case entirely, stay the federal case to let the petitioner go back to state court to exhaust his remedies, or allow the petitioner to amend his petition to remove the unexhausted claims. 28 U.S.C. §2254(b)(1)(A). See also Rhines v. Weber, 544 U.S. 269, 278 (2005);

5

Rose v. Lundy, 455 U.S. 509, 510 (1982); Dressler v. McCaughtry, 238 F.3d 908, 912 (7th Cir. 2001).

A review of the state court docket shows that the defendant filed an appeal with the Wisconsin Court of Appeals and that the court affirmed the circuit court's judgment of conviction. The petitioner attached the decision of the court of appeals to his federal *habeas* petition. Dkt. No. 1-1. According to the court of appeals, the petitioner made "several arguments regarding the trash pull, casting them in terms of 'chain of custody,' confrontation, due process, and discovery violations." Id. at 2. The court held, "In this case, the trash collector did not testify at trial and no out-of-court statement attributed to that person was introduced. Therefore, the Confrontation Clause was not implicated." Id. at 3. Next, the court determined that the petitioner failed to "show[] how anything about the number of bags, the bags themselves, or knowing in which bag contraband was found would be exculpatory. Nor has [the petitioner] pointed to any evidence of bad faith. Therefore, his due process right was not violated." Id. at 4.

Based on the assertions in the petition, coupled with the decision of the Wisconsin Court of Appeals, it appears to the court at this preliminary stage that the petitioner has exhausted his state remedies on the grounds he has raised in the federal petition. The court will move on to consider whether these claims are the type for which a federal court can grant *habeas* relief. The court notes that it has not made a full review of whether the plaintiff properly exhausted these four claims, or whether he has procedurally defaulted on any

6

of these claims; nothing in this order prevents the respondent from raising the exhaustion issue in his pleadings.

## III. AVAILABILITY OF FEDERAL RELIEF

The court now considers whether the petitioner has raised claims for which the court might grant federal *habeas* relief. Section 2254(a) allows a federal district court to consider the merits of a *habeas* petition when the petitioner claims "that he is in custody in violation of the Constitution or laws or treaties of the United States." Rule 4 of the Rules Governing §2254 Cases requires a district court to "screen" a §2254 petition, to make sure the petition alleges a claim for which a federal court may grant habeas relief. That rule says:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

In "screening" a §2254 petition, the court tries to figure out whether the petitioner has laid out cognizable constitutional or federal law claims.

The petitioner's first claim—that by failing to produce the trash collector at trial, the prosecution violated the Confrontation Clause—arises under the Sixth Amendment to the Constitution. The Sixth Amendment guarantees the "right . . . to be confronted with the witnesses against him." U.S. CONST. Amend. VI. It prohibits the prosecution from admitting "testimonial statements of a witness who did not appear at trial unless he was unavailable to testify,

and the defendant had . . . a prior opportunity to for cross-examination." Crawford v. Washington, 541 U.S. 36, 54 (2004). Therefore, the defendant's first ground for relief is a claim for which a federal court could grant *habeas* relief (in the event that the plaintiff has exhausted the claim, and that the court finds, after further briefing, that the claim has merit).

The petitioner's second, third, and fourth claims—that the prosecutor failed to preserve evidence, thus denying him a meaningful opportunity to present a defense and denying him a fundamentally fair trial—are claims arising under the Due Process Clause of the Fourteenth Amendment. In Arizona v. Youngblood, 488 U.S. 51, 58 (1988), the Supreme Court held that a party may bring a Fourteenth Amendment Due Process claim if he can show that the police, as a result of bad faith, failed "to preserve potentially useful evidence." A petitioner can seek relief from an evidentiary ruling if he can show that the ruling "so infected the entire trial that the resulting conviction violates due process." Cupp v. Naughten, 414 U.S. 141, 147 (1973). And, "a federal court can issue a writ of habeas corpus . . . only when the ruling violated the defendant's right to due process." Abrams v. Barnett, 121 F.3d 1036, 1042 (7th Cir. 1997) (internal quotation marks and citation omitted). At this point, then, it appears that the defendant's second, third, and fourth grounds for relief cumulatively present a claim for which a federal court could grant *habeas* relief (in the event that the plaintiff has exhausted the claim, and that the court finds, after further briefing, that the claim has merit).

8

Case 2:16-cv-00315-PP   Filed 06/07/16   Page 8 of 10   Document 4

## IV. CONCLUSION

For the above reasons, the court **ORDERS** that the petitioner may proceed on all of his claims.

The court **ORDERS** that within sixty (60) days of the date of this order, the respondent shall **ANSWER OR OTHERWISE RESPOND** to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has **forty-five (45) days** after the respondent files his answer to file his brief in support of his petition;

(2) the respondent has **forty-five (45) days** after the petitioner files his initial brief to file the respondent's brief in opposition; and

(3) the petitioner has **thirty (30) days** after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion, the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within **forty-five (45) days** of the date the respondent files the motion. If the respondent chooses to file a reply brief, he must do so within **thirty (30) days** of the date the petitioner files the opposition brief.

9

Pursuant to Civil Local Rule 7(f), briefs in support of or in opposition to the habeas petition and any dispositive motions shall not exceed **thirty (30)** pages, and reply briefs may not exceed **fifteen (15)** pages, not counting any statements of facts, exhibits and affidavits.

Pursuant to the Memorandum of Understanding between the Attorney General and this court, the court will send a copy of the petition and this order to the Attorney General for the State of Wisconsin and to the Warden of Racine Correctional Institution.

Dated in Milwaukee, Wisconsin this 7th day of June, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge