DAVID GIVHAN,

  Petitioner,

  v.                                    Case No.   16-C-315

PAUL KEMPER,

  Respondent.

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

The petitioner, David Givhan, moves for reconsideration of this court's denial of his habeas corpus petition.[1] The motion will be denied. In his petition, Givhan alleged that evidence found during a "trash pull" amounted to testimonial hearsay that violated the Confrontation Clause; he further argued that the failure of the prosecution to preserve evidence relating to the recovered garbage bags amounted to a Due Process violation. On May 18, 2020, I denied his petition. While unclear, Givhan now appears to rely upon Federal Rule of Civil Procedure 59(e) as the basis for his motion for reconsideration.[2] Rule 59 permits

---

[1] Givhan appears to suggest that a district judge, as opposed to a magistrate judge, has jurisdiction over this motion. However, because Givhan consented to magistrate judge jurisdiction, see ECF No. 17, jurisdiction of this motion properly remains before the magistrate judge. *See generally Roell v. Withrow*, 538 U.S. 580, 585-86 (2003) (affirming that, once the parties' consent, the magistrate judge has full authority and any entry of judgment "is to be treated as a final judgment of the district court"). Any appeal would be to the Seventh Circuit United States Court of Appeals.

[2] In *Obriecht v. Raemisch*, the Seventh Circuit affirmed that the determination of whether a motion for reconsideration falls under Rule 59 or Fed. R. Civ. P. 60 depends upon the substance of the motion. *Obriecht v. Raemisch*, 517 F.3d 498, 493 (7th Cir. 2008). Here, it appears that Givhan is seeking reconsideration based upon

a court to alter or amend a judgment only if the petition can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (citing *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007)). However, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (quoting *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.,* 90 F.3d 1264, 1270 (7th Cir.1996)); *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (same). The decision to grant or deny a Rule 59 motion for reconsideration "is entrusted to the sound judgment of the district court." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

Givhan does not appear to advance any argument resting on newly discovered evidence.[3] *See generally* ECF No. 21. Accordingly, because Givhan presents this court with no newly discovered evidence, he is entitled to relief under Rule 59 "only if he can demonstrate that the court's ruling constituted a manifest error of law." *Murphy v. Kluge*, No. 20-cv-22-PP, 2020 WL 3258731, at *1 (E.D. Wis. June 16, 2020); *Oto*, 224 F.2d at 606. A manifest error of law is defined as the "'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto*, 224 F.2d at 606 (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). A manifest error of law "is not demonstrated by the disappointment of the losing party." *Id*.

---

errors of law, which is "a basis encompassed by Rule 59(e)." *Id.* Accordingly, I will analyze his motion under Rule 59.
 [3] While Givhan does contend that I "overlooked" select facts, none of the facts to which he cited constitute newly discovered evidence. To the contrary, he cites facts that are already contained in the record.

Importantly, a habeas petitioner faces a high hurdle before he will be entitled to relief: he must show that the state court's "adjudication of the claim […] resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law" or was "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). In my decision denying Givhan's petition, I was unable to conclude that the state court's determinations were contrary to, or involved an unreasonable application of, clearly established federal law; nor were the determinations based on an unreasonable determination of the facts in light of the evidence presented.

1. **Confrontation Clause**

Renewing his Confrontation Clause challenge, Givhan contends that I committed manifest legal error in holding that the actions of the trash collector failed to implicate the Confrontation Clause. Specifically, Givhan asserts that the collector's actions amounted to nonverbal, testimonial assertions because the trash collector undertook these actions at the direction of Officer Reed. However, this argument fails both on procedure and substance.

On procedure, Rule 59 is not intended as a mechanism to rehash arguments or argue matters that could have bene heard before the judgment, which is exactly what Givhan attempts to do here. *Ahmed*, 388 F.3d at 249. On substance, Givhan now appears to emphasize that the trash collector acted upon instructions given by law enforcement. Givhan relies on two non-binding legal authorities. In *White Industries, Inc. v. Cessna Aircraft Co.*, 611 F. Supp. 1049, 1076 (W.D. Mo. 1985), the district court addressed hearsay issues regarding business records. And in *Stevenson v. Commonwealth*, 237 S.E.2d 779 (Va. 1977), a defendant's wife handed over a bloody shirt when asked what her husband was wearing the night of the murder. Neither of these cases stands for the principle that collecting trash at the behest of a

police officer, and then turning over that trash, is any kind of an assertive statement. There is, therefore, no Confrontation Clause problem.

## 2. Due Process

Givhan also renews his argument that the prosecution's failure to preserve the trash items—for example, they did not photograph the garbage backs or take a bag-by-bag inventory of what was found—violated the Due Process clause of the Fourteenth Amendment. In his motion for reconsideration, Givhan appears to place additional emphasis on the fact that the evidence linking Givhan to the trash—the mail item addressed to his live-in girlfriend—was discovered in a different bag than the bag containing the contraband. But that does not, in itself, call into question that the trash was his: at trial, he elicited the fact that the officer observed the trash collector remove the trash bags from in front of Givhan's home. ECF No. 8-10 at 174. Further, the legal authorities to which Givhan cites as support are all distinguishable and, in any event, not binding. For example, *Roberson v. State* concerned the failure to preserve a weapon when the defendant was charged with "possession of a dangerous device or material." 766 N.E.2d 1185 (Ind. Ct. App. 2002). The weapon was the crucial piece of evidence, and so the failure to preserve it had due process implications. Likewise, in *United States v. Belcher*, 762 F. Supp. 666 (W.D. Va. 1991), the police destroyed marijuana plants despite the fact that the plants were "absolutely crucial and determinative to this prosecution's outcome." *Belcher*, 762 F. Supp. at 672. In dismissing, the court placed particular emphasis on the fact that the prosecution "*must* use testimony regarding the alleged [destroyed] marijuana if it is to convict" the defendant. *Id.* In short, these authorities might be persuasive if Givhan had been convicted for possessing garbage bags, but he was not.

4

The other cases he cites are Fourth Amendment cases: *People v. Burmeister*, 728 N.E.2d 1260 (Ill. App. Ct. 2000), *State v. Erickson*, 496 N.W.2d 555 (N.D. 1993), and *People v. Balsley*, 769 N.E.2d 153 (Ill. Ct. App. 2000). These three authorities each involve the issue of whether probable cause supported the issuance of a warrant, as opposed to whether the failure of law enforcement to preserve the totality of evidence amounted to a Fourteenth Amendment violation. *People v. Burmeister*, 728 N.E.2d 1260, is distinguishable because officers in *Burmeister* failed to demonstrate any "indices of residency," whereas here where the state used a mail item addressed to Givhan's live-in girlfriend to link the contraband to the address and ultimately to Givhan. Givhan believes that his second case, *State v. Erickson,* supports his assertion that the contraband must be uncovered in the same garbage bag as the evidence linking the bag to the residence. 496 N.W.2d at 557. However, the North Dakota Supreme Court found otherwise, concluding that evidence found in a dumpster behind the defendant's home supplied a sufficient nexus between the evidence and that home, despite the fact that it was a large, 250-gallon dumpster apparently used by other individuals. *Id.* The final case Givhan cites, *People v. Balsley,* similarly does not support the proposition that the contraband must be located in the same garbage bag. To the contrary, the *Balsley* court based its decision on the cumulative effect of the "location of the garbage in relation to the location of the residence, the nature of the residential area, the amount of cannabis, the identifiers inside the garbage bag, and the manner in which the garbage bag was secured and its condition." *Id.* at 188. In sum, Givhan has failed to demonstrate that the decision of the Wisconsin Court of Appeals was clearly unreasonable or contrary to clearly established federal law.

### 3. Remaining Claims

Again, Givhan recycles his argument that he was denied generally a meaningful opportunity to defend himself at trial in violation of the Due Process Clause. Givhan cites to no law in support of his assertion that he was generally denied a meaningful opportunity to defend against his accusers. However, as set forth above, a motion for reconsideration is not the proper vehicle to rehash arguments. *Ahmed*, 388 F.3d at 249.

For the reasons given above, the motion for reconsideration is **DENIED**.

**SO ORDERED** this 30th day of June, 2020.

_Stephen C. Dries_
STEPHEN C. DRIES
United States Magistrate Judge